[No. 15496.   Department Two.   January 3, 1921.]

MABEL LARSON, *Respondent*, v. AUGUST LARSON,
*Appellant.*[1]

DIVORCE (80)—DIVISION OF PROPERTY. An award of property of
the value of $6,500 or $7,500 and twenty dollars a week to a wife,
charged with the custody of four children from six to fourteen
years of age, and mining property producing $3,000 a year to the
husband, is not unjust or inequitable.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered February 10, 1919,
upon findings in favor of the plaintiff, in an action for
a divorce and division of the property. Affirmed.

*John F. Dore,* for appellant.

*George Olson* and *William A. Gilmore,* for respon-
dent.

MAIN, J.—This is a divorce action. The charge
made in the complaint is that of cruelty. The defend-
ant answered and also filed the cross-complaint in
which counter charges were made. The trial resulted
in findings of fact, conclusions of law, and a decree
granting a divorce to the plaintiff, awarding her the
custody of the children, dividing the property, and fix-
ing the alimony. The defendant appeals.

The parties were married on December 10, 1903;
and, as the issue of the marriage, there were living,
at the time of the trial, four children, aged respective-
ly fourteen, ten, eight and six years. The first point
made upon the appeal is that the court, in granting
the divorce to the respondent, disregarded the weight
of the testimony. The evidence was oral upon the
charges of the respondent in her complaint and the

[1]Reported in 194 Pac. 579.

counter charges of the defendant in his cross-complaint. The trial court sustained, in the findings of fact, the charges of the respondent and found against the charges of the appellant. After reviewing the evidence, we are of the opinion that the findings of the trial court should not be disturbed.

By the second assignment of error, it is claimed that the trial court made an unequal and unjust distribution of the property. · To the respondent, was awarded the home in Seattle, valued at approximately twenty-five hundred dollars, and mortgaged for eight hundred dollars; an insurance policy which would mature in June, 1922, and after deducting the money borrowed thereon, would probably at that time have a value of three or four thousand dollars, and also allowed the respondent for the maintenance and support of herself and the children the sum of twenty dollars per week. To the appellant, was awarded certain mining claims in Yukon territory, which were equipped as a going hydraulic mining proposition, and out of which the appellant realized approximately three thousand dollars per year. As already stated, the custody of the children was awarded to the wife and she has the burden of caring for and supporting them. There is no basis for the claim that there was given to the respondent a greater amount of the property than was just and equitable.

The judgment will be affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, and TOLMAN, JJ., concur.